UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14042-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGELA CHRISTINE STORY,

    Defendant.
_____/



FILED by ___ D.C.
APR 2 0 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

# REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATIONS NUMBERS 2 AND 3 AS SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a preliminary hearing and final evidentiary hearing on April 20, 2016, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having convened a hearing, this Court recommends to the District Court as follows:

1.     The Defendant appeared before this Court on April 20, 2016 for a preliminary hearing and final evidentiary hearing in respect to the Petition Alleging Violations of Supervised Release alleging the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about November 6, 2015, in Indian River County, Florida, the defendant did commit the offense of disorderly conduct, contrary to Florida Statute 877.03. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about November 13, 2015, in Indian River County, Florida, the defendant did commit the offense of shooting or throwing deadly missile at vehicle, contrary to Florida Statute 790.19. |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about November 13, 2015, in Indian River |

Florida, the defendant did commit the offense of criminal mischief over $200 but less than $1,000, contrary to Florida Statute 806.13(1)(b)(2).

2. Out the outset of the hearing, counsel for the Defendant announced that after consultation with the Defendant, the Defendant announced to this Court that she wished to admit Violations Numbers 2 and 3 as set forth in the Petition. The government announced that it agreed to dismiss Violation Number 1 of the Petition. This Court questioned the Defendant on the record and made certain that she understood her rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that she understood her rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. Counsel for parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release and the Memorandum from USPO McGee to Judge Graham dated March 28, 2016. Therefore, this Court did take judicial notice of the facts set forth in that Memorandum and finds that it sets forth a sufficient factual basis to support the Defendant's admissions to Violations Numbers 2 and 3 as set forth in the Petition. In addition, the government offered Exhibit No. 1 which this Court admitted into evidence for purposes of this hearing without objection. Government's Exhibit No. 1 is a composite exhibit of the Judgment and Conviction in the state case wherein the Defendant pled guilty to shooting or throwing a deadly missile at or within a vehicle and criminal mischief. The exhibit dated February 24, 2016 indicates that the Defendant was adjudicated guilty and the state court imposed a sentence of two years probation.

4. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that she understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 2 and 3 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated her supervised release in respect to Violations Numbers 2 and 3 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of April, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Theodore M. Cooperstein
Ronald Chapman, Esq.
U. S. Probation (USPO McGee)